UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAL CIOLINO & ASSOCIATES | CIVIL ACTION |
| VERSUS | NO:     04-3360 |
| FIRST EXTENDED SERVICES, ET AL | SECTION: "T" (4) |

## ORDER

Before the Court is a **Motion to Limit Rule 30(b)(6) Notice of Deposition and Accompanying Request for Production of Documents (doc. # 42)** filed by the defendant First Extended Service Corporation ("FESC") seeking an order from this Court limiting the scope of a 30(b)(6) deposition and production of documents propounded March 20, 2006, by the plaintiff, Sal Ciolino and Associates ("Ciolino").

Ciolino filed a timely opposition motion. The motion was heard with oral argument on April 26, 2006.

### I.     Background

Ciolino filed actions against FESC, Premier Automotive Group, L.L.C., d/b/a Toyota of New Orleans, and Troy J. Duhon in both Orleans Parish CDC and the 24th JDC which were subsequently removed and consolidated before the Court. Ciolino alleges that it entered into a contract with FESC to act as its agent for FESC for selling extended warranty service contracts to automobile dealerships. The dealerships then sell these extended service contracts to

customers. FESC sets the fees that Ciolino could charge and Ciolino received a commission for every service contract sold by the dealership.

Ciolino alleges that in November of 1997, it began negotiating with Troy Duhon of Toyota of New Orleans for the purpose of enrolling that dealership and the other dealerships in the Premier Automotive Group in FESC's program. Between November of 1997 and December 2003, Ciolino made numerous presentations to Toyota of New Orleans and other dealerships in the Premier Automotive Group.

Ciolino further alleges that in January of 2004, FESC secretly began negotiating with the Premier Automotive Group to sell the same products and services sold by Ciolino at a substantially lower cost. Ciolino alleges that the defendants violated Louisiana's Unfair Trade Practices Act, Louisiana's antitrust act, that FESC breached its contract with Ciolino, that Ciolino detrimentally relied on the contract and expended sufficient time, money, and energy while attempting to sign up the Premier Auto Group, and finally, that FESC was unjustly enriched by the actions of Ciolino.

FESC answered the petitions denying liability, and alleging that under the terms of the contract, the appointment of Ciolino was not exclusive and FESC had the right to enter into any contracts with Premier Automotive Group.

According to the agreement entered into between Ciolino and FESC,

> [t]his appointment is not exclusive. First Extended reserves the right to appoint other representatives within the same states or territories. First Extended also has the right to change territories and take any other actions it deems appropriate to further its business.

(*See* Def. Mem. Ex. C). The agreement also provided that it would be governed by Texas state law.

On March 20, 2006, Ciolino noticed a 30(b)(6) deposition for FESC scheduled for April 14, 2006, with twenty specific areas of inquiry and also propounded twenty-one requests for production on FESC pursuant to 30(b)(5) which are the subject of the current motion.

FESC alleges that Ciolino's deposition and accompanying requests for production seeks parol evidence to vary the specific, unambiguous terms of the contract.  Accordingly, FESC alleges the discovery is not reasonably calculated to lead to discoverable evidence and is therefore not relevant.  FESC also alleges that certain of the information sought by Ciolino is confidential and that certain of the requests are overbroad or not relevant to the case.

Ciolino argues that FESC incorrectly alleges that the terms of the contract are not ambiguous and thus his requests are reasonably calculated to lead to discoverable evidence.

## II.     Standard of Review

Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1).  The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Herbert v Lando,* 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)), and "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Courts have recognized that while it is true that relevance in discovery is broader than that required for admissibility at trial, "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Zenith Elecs. Corp. v Exzec, Inc.,* CIV.A.93-5401, 1998 WL 9181, *3 (N.D. Ill. Jan. 5, 1998) (quoting *Piacenti v. Gen.*

*Motors Corp.*, 173 F.R.D. 221, 223 (N.D. Ill. 1997)).  Further, the information must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Courts have also recognized that "the legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Id.*  Therefore, discovery methods shall be limited by the court if it determines that the discovery sought is unreasonably cumulative or duplicative. *See* FED. R. CIV. P. 26(b)(2)(i).

The decision to enter a protective order is within the Court's discretion. *Thomas v Int'l Bus. Mach.,* 48 F.3d 478, 482 (10th Cir. 1995).  Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of protective orders.  It provides in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .  If the motion for a protective order is denied in whole or in part, the court, may, on such terms and conditions as are just, order that any party or other person provide or permit discovery.

Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re: Terra International, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).

**III.   Analysis**

    **A.   The Contract**

FESC contends that it signed a non-exclusive contract with Ciolino and therefore it could sell its extended warranty services directly to Duhon and the Premier Auto Group.  FESC alleges

that Ciolino's discovery seeks evidence to vary the non-exclusive nature of the contract. FESC contends that any such evidence is inadmissable under the parol evidence rule and therefore the discovery is not reasonably calculated to lead to admissible evidence.

Ciolino concedes that the agreement is non-exclusive. However, Ciolino contends that the non-exclusivity clause of the agreement relates solely to the appointment of other representatives and does not contemplate FESC directly competing against its agents. Accordingly, it alleges that its discovery will lead to relevant, and admissible, evidence.

Here, the Court is not required, nor is it in a position to, rule definitely on the issue of ambiguity in the agreement or the admissibility of the evidence. Those are issues for the District Court. Thus, this Court declines FESC's invitation to definitively conclude as a matter of law that the agreement is not ambiguous and therefore foreclose most discovery relating to the lawsuit. Instead, the Court concludes that under the broad and liberal discovery mandates of the discovery rules, most of Ciolino's requests, with the exceptions as detailed in the next section, are reasonably tailored to lead to discoverable evidence.

### B.  Relevancy and Vagueness

FESC also argues that many of the areas of inquiry and requests for production are irrelevant to the lawsuit and are overbroad. Further, FESC argues that several of the areas of inquiry and requests for production are too vague to properly answer. Finally, FESC indicated that request for production number 6 would result in FESC turning over Duhon's personal financial statement. FESC contends that the statement is confidential.

Ciolino argues that its discovery requests target specific issues in this lawsuit arising under the contract. Ciolino contends that the bulk of its notice is carefully tailored to discover the course of dealing between the parties, which, under Texas law, is admissible for ascertaining the meaning

5

of the parties' agreement.

During the oral hearing on the matter, the Court questioned the parties on the relevancy and vagueness of the areas of inquiry and requests for production that FESC contended are objectionable. While the Court concluded that most of the remaining areas of inquiry related to the course of dealing between the parties, it further questioned Ciolino on certain areas of inquiry and requests for production. These areas are:

(1)  Areas of inquiry 1-6 and the corresponding requests for production 1-3 seeking information on the forum selection clause in the agreement.

(2)  Area of inquiry 12 and corresponding request for production 9 seeking information about "other actions . . . FESC deem[ed] appropriate to take to further its business."

(3)  Area of inquiry 17 seeking information about whether Ciolino "could have known" that FESC ever dealt directly with a prospective customer.

(4)  Area of inquiry 20 and the corresponding request for production 15 dealing with whether FESC sponsored conferences or meetings or conferences.

(5)  The production of Troy Duhon's personal financial records.

First, the Court questioned Ciolino about the need for history on the forum selection clause found in areas of inquiry 1-6 and request for productions 1-3. Ciolino indicated that this discovery was necessary because FESC has not definitively stated that Texas law applies. However, at the hearing, FESC stated that it did not dispute that Texas law applies. Because neither party disputes the application of Texas law, discovery is unnecessary on this issue. Accordingly, the Court concluded that areas of inquiry 1-6 and requests for production 1-3 are not relevant.

The Court further inquired about the meaning of area of inquiry 12 and corresponding request for production 9.[1] Ciolino indicated that this area of inquiry and request for production

---

[1] Area of inquiry number 12 asks "[d]uring the period from 1999 to 2004, what other actions did FESC deem it appropriate to take to further its business which were in addition to those actions or rights spelled out in a contract between FESC and an independent contractor." Request for production number 9 seeks "[a]ny and all documents or

6

seeks information related to the course of dealing between FESC and other independent agents. However, the Court noted that the area of inquiry and request for production does not mention course of dealing but instead vaguely seeks actions, and documents in support of the actions, taken by FESC in furtherance of the its business. The Court concluded that area of inquiry 12 and request for production 9 are too vague to properly answer.

The Court next questioned Ciolino on area of inquiry 17 which seeks information about whether "Ciolino could have observed a precedent for FESC's direct negotiation of a contract between FESC and Premier in any other state or territory in which FESC did business." Ciolino contended that this area of inquiry related to FESC's argument that Ciolino should have known that FESC directly negotiated contracts with dealerships. However, the Court concluded that the phrase "could have observed" was far too open-ended to lend itself to a proper answer. Accordingly, the Court concluded that the area of inquiry is also too vague to properly answer.

The Court also questioned Ciolino as to the relevancy of area of inquiry 20 and the corresponding request for production 15 dealing with whether FESC sponsored conferences or meetings. While Ciolino contended that this area also relates to the course of dealing between the parties, Ciolino could not explain how the area of inquiry, as written, related to the course of dealing. Accordingly, the Court concluded that the area of inquiry is not relevant.

The Court then questioned Ciolino as to the need for Duhon's personal financial statement. Ciolino alleged that the statement should reflect a million and half dollar payment or loan to Duhon for the signing of the contract with FESC. Ciolino alleged that this was relevant to establishing the course of dealing. However, the Court noted that the statement would not help

---

writing evidencing actions deemed appropriate by FESC to further its business that were taken by FESC during the period from 1999 to 2004 that were actions which were in addition to or different from the rights FESC set forth in a contract between FESC and an independent contractor."

7

establish a course of dealing because the statement would not reflect where the money originated. Ciolino then conceded the issue. Accordingly, FESC is not required to turn over Duhon's personal financial statement when responding to request for production 6.

Accordingly,

**IT IS ORDERED** that FESC's **Motion to Limit Rule 30(b)(6) Notice of Deposition and Accompanying Request for Production of Documents (doc. # 42)** is hereby **GRANTED in PART** and **DENIED in PART**.

**IT IS GRANTED** to the extend that Ciolino cannot pursue areas of inquiry numbers 1, 2, 3, 4, 5, 6, 12, 17, 20, and requests for production numbers 1, 2, 3, 9, and 15. Further, FESC is not required to turn over Troy Duhon's personal financial statement when responding to request for production number 6.

**IT IS DENIED** as to all other areas of inquiry and requests for production.

New Orleans, Louisiana, this __17th__ day of May, 2006

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**